UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>SATICOY BAY LLC SERIES 7612 CRUZ BAY; DESERT SHORES COMMUNITY ASSOCIATION; EDEN F. KONISHI,<br><br>Defendants. | Case No. 2:17-cv-00886-MMD-GWF<br><br>ORDER |

**I.     SUMMARY**

This case arises out of a homeowner association's ("HOA") foreclosure and involves the notice provisions applicable to foreclosure sales under Nevada Revised Statutes ("NRS") Chapter 116. Pending before the Court are four motions: (1) Defendant Saticoy Bay LLC Series 7612 Cruz Bay's ("Saticoy Bay") Motion to Dismiss ("Saticoy Bay's MTD") (ECF No. 13); (2) Defendant Desert Shores Community Association's ("Desert Shores") Motion to Dismiss ("Desert Shores' MTD") (ECF No. 15); Plaintiff JPMorgan Chase Bank, N.A.'s ("JPMorgan") Opposition to Motion to Dismiss First Amended Complaint and Countermotion for Summary Judgment ("Motion for Summary Judgment") (ECF No. 26); and (4) Saticoy Bay's Motion to Stay Case for All Purposes ("Motion to Stay") (ECF No. 44). The Court has reviewed the parties' respective responses and replies. (ECF Nos. 24, 25, 28, 30, 32, 33, 42, 43, 46, 47, 48.)  The Court

has also reviewed the supplemental briefs it requested[1] regarding the Motion to Stay. (ECF Nos. 50, 51.)

For the reasons discussed below, the Motion to Stay is granted in part, and Desert Shores' MTD, Saticoy Bay's MTD, and JPMorgan's Motion for Summary Judgement are denied.

## II. BACKGROUND

Plaintiff initiated this action on March 28, 2017. (ECF No. 1.) On May 19, 2017, Plaintiff filed its First Amended Complaint ("FAC"). (ECF No. 7.) The following facts are taken from the FAC unless otherwise indicated.

On or about November 18, 2011, Eden Konishi ("Borrower") took out a mortgage loan in the amount of $192,460.00 ("the Loan") to purchase real property located at 7612 Cruz Bay Court, Las Vegas, Nevada ("the Property"). The Property is located in a common interest community (otherwise known as an HOA). In exchange for the Loan, a deed of trust ("DOT") was recorded against the Property. Plaintiff is the beneficiary of this DOT.

Borrower became delinquent on her obligations to pay HOA assessments for the Property. As a result, Desert Shores—the HOA—recorded a notice of delinquent assessment lien, a notice of default and election to sell, and a notice of sale. At the Property foreclosure sale on November 1, 2013, Saticoy Bay purchased its "purported interest" in the Property for $30,100.00. (ECF No. 7 at ¶ 23.) After Saticoy Bay purchased the Property, Plaintiff continued to make payments on behalf of the Property, including county tax and homeowners' insurance payments. However, Saticoy Bay maintains that it purchased the Property without being subject to Plaintiff's DOT.

Plaintiff now brings claims for declaratory judgment, quiet title, and unjust enrichment based on a variety of constitutional deficiencies with NRS Chapter 116. In its

---

[1]The Court issued a minute order on December 20, 2017, requesting that the parties provide additional information "to identify whether there is a factual issue concerning notice given by the HOA to Plaintiff before the foreclosure sale such that the notice provisions in NRS 107.090 are implicated." (ECF No. 49.)

request for relief, Plaintiff asks that this Court declare that its DOT "remains a valid first-position security interest" that still encumbers the Property or, in the alternative, if the Court finds that Plaintiff's DOT was extinguished by the HOA foreclosure sale, an award of damages for all amounts JPMorgan expended to "maintain and preserve the Property." (ECF No. 7 at 9.)

### III. DESERT SHORES' MTD (ECF No. 15)

Desert Shores brings its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the FAC fails to state a claim against it and that there is no justiciable controversy between itself and Plaintiff. (ECF No. 15 at 2-3.) Plaintiff responds that because Desert Shores is a necessary party joined under Fed. R. Civ. P. 19 and because invalidation of the foreclosure sale will affect it, Plaintiff may join Desert Shores without alleging any substantive claim against it. (ECF No. 24 at 3, 5-6.) The Court agrees with Plaintiff.

"[A] party is 'necessary' in two circumstances: (1) when complete relief is not possible without the absent party's presence; or (2) when the absent party claims a legally protected interest in the action." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). Here, Desert Shores is necessary under the first factor.

In the FAC, Plaintiff asserts that the foreclosure sale was invalid and requests as an alternative claim for relief that the foreclosure sale be set aside such that the foreclosure sale is *void ab initio*. (ECF No. 7 at 6, 8.) In light of this requested relief, it is not possible for the Court to accord complete relief among the parties without Desert Shores being a party to this action; if Desert Shores were not a party, it would not necessarily be bound by the Court's order. Furthermore, the Court agrees with courts in this District who have found that a lender's request to set aside the foreclosure sale (even when requested as an alternative form of relief) precludes the Court from according complete relief among the existing parties. *Bank of N.Y. Mellon Tr. Co. v. Jentz*, No. 2:15-cv-01167-RCJ-CWH, 2016 WL 593534, at *2 (D. Nev. Feb. 12, 2016); *U.S. Bank, N.A. v.*
///

*Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015).

For these reasons, Desert Shores' motion to dismiss (ECF No. 15) is denied.

## IV.     MOTION TO STAY (ECF No. 44)

### A.     Legal Standard

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation." *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

### B.     Discussion

The Court finds that significant judicial resources will be saved if the Court refrains from issuing a decision on the remaining motions until the Nevada Supreme Court determines whether NRS § 116.31168 incorporates the notice provisions of NRS § 107.090. (ECF No. 44 at 2 (citing Nev. S. Ct. Case No. 72931).) NRS §§ 116.31168 and 107.090 prescribe two fundamentally different notice mechanisms. The first requires lenders to affirmatively request notice of foreclosure sales from HOAs. The second requires HOAs to notify lenders as a matter of course, regardless of whether a request was made.

The Ninth Circuit recently held the first mechanism facially unconstitutional because it impermissibly shifts the burden to lenders in violation of their procedural due process rights. *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). NRS § 107.090 seems to ameliorate this burden-shifting problem by requiring the HOAs to provide notice to lenders absent any request from lenders for notice; however, the Ninth Circuit has held that NRS § 107.090 is not incorporated in NRS § 116.31168. *Id.* at 1159. If it were, the Ninth Circuit reasoned, the opt-in notice scheme would be superfluous. *Id.*

The question of whether NRS § 116.31168 incorporates NRS § 107.090 is now pending before the Nevada Supreme Court in Case No. 72931. Moreover, that court has hinted it will answer the question in the affirmative. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). If the Nevada Supreme Court holds that NRS § 107.090 is incorporated, then a factual question would arise in this case: did the HOA provide notice to the lender consistent with NRS § 107.090? As the law stands currently, it is irrelevant whether the HOA provided notice to the lender—foreclosure sales conducted pursuant to Chapter 116 could not have satisfied the lenders' constitutional due process rights. *See, e.g.*, *U.S. Bank, N.A. v. Emerald Ridge Landscape Maint. Ass'n*, No. 2:15-cv-00117-MMD-PAL, 2017 WL 4386967, at *3 (D. Nev. Sept. 29, 2017). But if NRS § 116.31168 incorporated NRS § 107.090, then some foreclosure sales may have satisfied constitutional due process requirements (i.e., those in which HOAs gave lenders notice consistent with NRS § 107.090). In the supplemental briefs, the parties indicate that at this time no discovery has been completed as to whether Plaintiff's predecessors, MetLife Home Loans and MERS, received notice of the HOA sale such that NRS § 107.090 is implicated. (ECF No. 51 at 3; ECF No. 50 at 2.) However, based on unauthenticated documents submitted by Saticoy Bay, it appears some information was mailed via certified mail to MERS and Metlife Home Loans on September 5, 2013, which was before the HOA's foreclosure sale. (*See* ECF No. 50-4.) Thus, it appears that actual notice may be at issue in this case and warrants discovery

Plaintiff insists that a stay is not warranted because this case may be decided as a matter of law pursuant to *Bourne Valley* and this Court, by staying the case, would be issuing an advisory opinion about how the Nevada Supreme Court may rule on the certified question. (ECF No. 46 at 4-5.) Plaintiff also argues that resolution of the certified question may take nearly a year and, therefore, the delay may prejudice Plaintiff. (*See id.* at 5.) However, any damage to Plaintiff from a stay will be outweighed by the fees that all parties will surely incur from continued litigation, as a decision in the proceedings before the Nevada Supreme Court could moot a decision by this Court. Until there is finality on the issue of whether NRS § 116.31168 incorporates NRS § 107.090, a stay will benefit the parties and conserve judicial resources.

The Court therefore refrains from deciding the merits of this action until resolution of the certified question in Nev. S. Ct. Case No. 72931.[2] Because actual notice appears to be at issue in this case but the parties have yet to verify the issue through discovery, the Court permits the parties to conduct limited factual discovery on that issue while the case is otherwise stayed.

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Desert Shores' Motion to Dismiss (ECF No. 15) is denied.

It is further ordered that Defendants' Motion to Stay (ECF No. 44) is granted in part and denied in part. The case is partially stayed until resolution of the certified question in

///

---

[2] The Court finds it is able to resolve Desert Shores' MTD without wading into the merits of this case but that it is unable to do so on Saticoy Bay's MTD or JPMorgan's Motion for Summary Judgment. Both of those motions rely primarily on the constitutional adequacy or inadequacy of NRS Chapter 116, which this Court declines to address pending a decision from the Nevada Supreme Court on the certified question.

6

Nev. S. Ct. Case No. 72931, at which time the stay will be automatically lifted. In the meantime, the parties are permitted to conduct limited discovery, to be completed within sixty (60) days from the date of this Order, on the matter of whether actual notice was provided by the HOA to the beneficiary under the DOT at the time (MERS) or the holder of the note at the time (Metlife Home Loans). The parties are directed to file two status reports: (1) within five (5) days from completion of said discovery; and (2) within five (5) days upon the Nevada Supreme Court's resolution of the certified question.

It is further ordered that Saticoy Bay's pending Motion to Dismiss (ECF No. 13) and JPMorgan's Motion for Summary Judgment (ECF No. 26) are denied without prejudice and may be refiled within thirty (30) days of the Nevada Supreme Court's decision on the certified question.

DATED THIS 26th day of December 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE